1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9  United States of America,          )    No. 12-3020M
                                       )
10                     Plaintiff,      )    **ORDER OF DETENTION**
                                       )
11  vs.                                )
                                       )
12                                     )
    Venancio Payan-Portillo,           )
13                                     )
                       Defendant.      )
14                                     )
    _____)

15

16         In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was

17  held on January 11, 2012.  Defendant was present and was represented by counsel. I

    conclude by a preponderance of the evidence the Defendant is a serious flight risk and the
18
    detention of the Defendant pending trial is appropriate.
19
                                **FINDINGS OF FACT**
20
    I find by a preponderance of the evidence that:
21

22
         ☒      Defendant is not a citizen of the United States or lawfully admitted for
23
    permanent residence.
24
         ☒      Defendant, at the time of the charged offense, was in the United States
25
    illegally.
26
         ☒      The defendant has previously been deported or otherwise removed.
27
         ☐      Defendant has no significant contacts in the United States or in the District
28
    of Arizona.

☐ Defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

☐ Defendant has a prior criminal history.

☐ Defendant lives/works in Mexico.

☐ Defendant is an amnesty applicant but has no substantial ties in Arizona or in the United States and has substantial family ties to Mexico.

☐ There is a record of prior failure to appear in court as ordered.

☐ Defendant attempted to evade law enforcement contact by fleeing from law enforcement.

☐ Defendant is facing a maximum of _____ years imprisonment.

The Court incorporates by reference the material findings of the Pretrial Services Agency which were reviewed by the Court at the time of the hearing in this matter, except as noted in the record.

## CONCLUSIONS OF LAW

1.      There is a serious risk that Defendant will flee if released from custody, and

2.      No condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings as required.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the United States Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## APPEALS AND THIRD PARTY RELEASE

**IT IS ORDERED** that should a review of this detention order be filed pursuant to

18 U.S.C. § 3145, it is defense counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the assigned District Judge. Pursuant to Rule 59(a), Fed.R.Crim.P. (2010), Defendant shall have **fourteen (14) days** from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the district court.  Failure to timely file objections in accordance with Rule 59(a) may waive the right to review. Rule 59(a), Fed.R.Crim.P.

**IT IS FURTHER ORDERED** that the issue of detention may be reopened at any time before trial upon a finding that information exists that was not known to the movant at the time of the detention hearing and such information has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of Defendant as required and/or the safety of any other person or the community. Title 18 U.S.C. § 3142(f).

**IT IS FURTHER ORDERED** that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

DATED this 11th day of January, 2012.

Lawrence O. Anderson
United States Magistrate Judge